# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT A. MCNEIL, *et al.*, | : | |
| Plaintiffs, | : | Civil Action No.: 17-cv-2602 (RC) |
| v. | : | Re Document Nos.: 34, 38 |
| JANICE R. BROWN, *et. al*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### DENYING PLAINTIFFS' MOTION TO ALTER JUDGMENT

## I. INTRODUCTION

After a judgment from this Court dismissing Plaintiffs' claims for lack of Article III standing, Plaintiffs have now filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure seeking to alter or amend the judgment. Plaintiffs seek to reargue points this Court has already decided, most of which were immaterial in the decision to dismiss the case for lack of subject matter jurisdiction. For these reasons, the motion will be denied.

## II. BACKGROUND

The Court has previously described the facts of this case, *see McNeil v. Brown*, No. 17-cv-2602, 2018 WL 4623057, at *1 (D.D.C. Sept. 26, 2018), and confines its recital here to the most relevant facts. Plaintiffs previously filed suits against the Internal Revenue Service and Department of Justice ("DOJ"), alleging a conspiracy to falsify tax records to wrongfully fine and incarcerate them. *See generally* Compl., ECF No. 1. Each of Plaintiffs' ten lawsuits were dismissed as barred by the Anti-Injunction Act. *McNeil*, 2018 WL 4623057, at *2. Plaintiffs then sued Judge Brown, one of the judges who affirmed the dismissal of Plaintiffs' cases. *Id.* The Department of Justice appeared and purported to represent Judge Brown in the matter.

Def.'s Notice Appearance at 1, ECF No. 9. Judge Brown filed a motion to dismiss, arguing, *inter alia*, that Plaintiffs lacked standing and that the Court accordingly lacked subject matter jurisdiction over their claim. Def.'s Mem. Supp. Mot. Dismiss at 3, 6, ECF No. 11-1. Then, Plaintiffs filed a motion to strike Judge Brown's motion to dismiss from the record. *McNeil*, 2018 WL 4623057, at *5. Plaintiffs claimed that because they had sued Judge Brown in her personal capacity, she was not entitled to legal representation by the Department of Justice. *Id*. Plaintiffs also argued, as relevant here, that Judge Brown was not the author of the three orders upholding dismissal of Plaintiffs' prior cases and that this Court could redress the violation by granting declaratory relief. *Id.* at *3.

On September 26, 2018, the Court issued an opinion resolving these issues. *Id.* at * 8. The Court denied the motion to strike, reasoning that the Attorney General has the discretion to procure Department of Justice representation, and that the Court would not interfere with that decision. *Id.* at *5. The Court rejected Plaintiffs' other arguments, reasoning that "the Court is not capable of granting the relief Plaintiffs seek because the declaratory judgment . . . would not void, recognize as void, or indeed have any legal effect on Judge Brown's three orders." *Id.* at *6. Because it accordingly found that Plaintiffs lacked standing to bring their claims, the Court dismissed the case for lack of subject matter jurisdiction. *Id*. And although neither party addressed whether judicial immunity is available in a declaratory relief action, the Court separately raised the issue in a footnote, noting that Plaintiffs' claims were likely barred independently of standing because "judges acting in their judicial capacity, as here, are likely to be absolutely immune from actions for equitable relief under *Bivens*." *Id.* at 4 n. 4.

Plaintiffs now ask this Court to alter its September 26, 2018 opinion based on four points. First, Plaintiffs argue that the Court wrongfully procured Department of Justice representation

2

for Judge Brown. Pls.' Mot. Alter J. at 10–11, ECF No. 34. Second, they allege the Court erred in assuming the authorship of the three appellate orders affirming the dismissal of their cases. *Id.* at 8–9. Third, Plaintiffs allege that the Court erred in finding that the declaratory relief sought would not redress their claimed injuries. *Id.* at 6–8. And fourth, Plaintiffs assert that the Court erred when it suggested that absolute judicial immunity likely barred their claims for equitable relief. *Id.* at 9–10.

### III. III. LEGAL STANDARD

A motion under Rule 59(e) is "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus,* 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore,* 151 F.3d 1053, 1057 (D.C. Cir. 1998)); *see also Ciralsky v. CIA,* 355 F.3d 661, 671 (D.C. Cir. 2004). Granting a Rule 59(e) motion "is discretionary and [the motion] need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks and citation omitted); *see also Solomon v. Univ. of S. Cal.,* 255 F.R.D. 303, 305 (D.D.C. 2009). And in the Rule 59(e) context, "clear error" is "a very exacting standard," *Bond v. U.S. Dep't of Justice*, 286 F.R.D. 16, 22 (D.D.C. 2012) (quoting *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005)), tantamount to a requirement that the judgment be "dead wrong," *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). "Manifest injustice" on the other hand, requires a demonstration not only of "clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Slate v. Am. Broad. Cos., Inc.*, 12 F. Supp. 3d 30, 35–36 (D.D.C. 2013).

Rule 59(e) affords no opportunity for the parties to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Niedermeier,* 153 F. Supp. 2d at 28 (citation and internal quotation marks omitted); *see also New York v. United States,* 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled."). The party seeking reconsideration bears the burden of establishing that relief is warranted. *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 226 (D.D.C. 2011).

### IV. ANALYSIS

Plaintiffs claim that Rule 59(e) relief is appropriate due to the "manifest injustice on Plaintiffs and their cause" caused by the Court's alleged clear errors. Pls.' Mot. Alter J. at 1. The Court first reviews Plaintiffs' arguments, and notes that Plaintiffs seek reconsideration based solely on arguments previously considered and rejected by the Court. *Compare id.* at 5–10, *and McNeil*, 2018 WL 4623057, at *2–3. Mindful that a Rule 59(e) motion is not intended as an opportunity to reargue facts or theories already decided, the Court then considers whether its prior grant of dismissal was in clear error or created manifest injustice. The Court denies the motion.[1]

#### A. Plaintiffs' Arguments Are Duplicative of Their Prior Motions

Plaintiffs seek to alter this Court's September 26, 2018 judgment dismissing their claims for lack of standing. However, the issues Plaintiffs raise have all been previously argued and decided by the Court in its September 26, 2018 opinion. Plaintiffs first contend the Court erred

---

[1] On January 15, 2019, Plaintiffs filed a motion for a hearing on their motion to alter the judgment. *See* Pls' Mot. Hr'g, ECF No. 38. The Local Rules provide that the decision whether to hold an oral hearing on a motion rests within the Court's sole discretion. *Owen-Williams v. BB & T Inv. Servs., Inc.*, 797 F. Supp. 2d 118, 126 (D.D.C. 2011) (quoting D.D.C. R. 7(f)). Because the issues presented by the parties in their briefings on the motion to alter judgment are straightforward, the Court denies the motion for a hearing.

in deciding that declaratory relief would not redress their injuries. Pls.' Mot. Alter J. at 7. In Plaintiffs' motion opposing Judge Brown's motion to dismiss, as here, Plaintiffs argued that an "affidavit/declaration . . . would utterly end this case." Pls.' Opp'n Mot. Dismiss at 11, ECF No. 26. The Court previously ruled that it "is not capable of granting the relief Plaintiffs seek because the declaratory judgment . . . would not void, recognize as void, or indeed have any legal effect on Judge Brown's three orders." *McNeil*, 2018 WL 4623057, at *6.

Plaintiffs' second contention was also previously litigated and decided on by the Court. Plaintiffs argued the issue of authorship of Judge Brown's appellate orders in their opposition to the motion to dismiss. Pls.' Opp'n Mot. Dismiss at 19. And the Court noted in its opinion that Judge Brown was clearly acting in her official capacity when she "affirmed the dismissals of Plaintiffs' underlying lawsuits." *McNeil*, 2018 WL 4623057, at *7. Plaintiffs now seek to reargue the same point here, stating that the Court erred when it "determine[d] the authorship of the 'orders' of which complaint has been made." Pls.' Mot. Alter J. at 8.

Similarly, the Court has previously addressed Plaintiffs' third contention. Plaintiffs claim that judicial immunity is not available in lawsuits seeking declaratory relief. Pls.' Mot. Alter J. at 9-10. Plaintiffs raised the issue of judicial immunity in their opposition, Pls.' Mem. Opp'n. at 14–15, and the Court briefly touched on the issue in its opinion, noting that "judges acting in their judicial capacity, as here, are likely to be absolutely immune from actions for equitable relief under *Bivens*." *McNeil*, 2018 WL 4623057, at *4 n.4. But this was not a component of the Court's judgment on the merits.

Finally, Plaintiffs' fourth claim that DOJ representation of Judge Brown was improper was previously argued and decided by the Court. Plaintiffs argue that they sued Judge Brown in her personal capacity, and therefore that DOJ attorneys are unlawfully representing her. Pls.'

5

Mot. Alter J. at 10. This is the same argument Plaintiffs previously raised in their motion to strike, where they claimed that "a trio of unauthorized attorneys" represented Judge Brown. Pls.' Mot. Strike at 1, ECF No. 13. The Court decided the matter in its September 28, 2018 opinion, ruling that "the Court [would] not interfere with the Department of Justice's decision to represent Judge Brown, who . . . has been sued for orders she issued as a federal judge." *McNeil*, 2018 WL 4623057, at *5.

### B. Rule 59(e) Relief is Unwarranted

Because they ask for relief under Rule 59(e), the Court need not consider Plaintiffs' previous contentions except to the extent their arguments point to clear error or manifest injustice.[2] *See Firestone*, 76 F.3d at 1208 (noting that Rule 59(e) relief is appropriate when "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (internal quotation marks and citation omitted)). Because none of Plaintiffs' arguments suggest a clear error or manifest injustice resulting from the Court's September 28, 2018 opinion, the Court denies the motion.

In the Rule 59(e) context, "clear error" is "a very exacting standard," *Bond*, 286 F.R.D. at 22 (quoting *Lightfoot*, 355 F. Supp. 2d at 422), tantamount to a requirement that the judgment be "dead wrong," *Lardner*, 875 F. Supp. 2d at 53 (quoting *Parts & Elec. Motors*, 866 F.2d at 233). Similarly, "[t]he standard of proving manifest injustice is . . . high," *Roane v. Gonzales*, 832 F. Supp. 2d 61, 66 (D.D.C. 2011) (quoting *In re Motion of Burlodge Ltd.*, No. 08-525, 2009 WL 2868756, at *7 (D.D.C. Sept. 3, 2009)). Neither standard is satisfied here.

First, the Court identifies no clear error or manifest injustice in its previous conclusion that Plaintiffs lack Article III standing, and thus that their case must be dismissed. Standing "is

---

[2] Nor would any other ground permit Rule 59(e) relief because Plaintiffs do not identify any new evidence or intervening change in the controlling law.

an essential and unchanging part of the case-or-controversy requirement of Article III," and a party invoking federal jurisdiction bears the burden of establishing the elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). A party cannot establish standing when it does not offer evidence of injury in fact, a causal connection between the injury and the alleged misconduct, and redressability. *Id.* A "deficiency on any one of the three prongs suffices to defeat standing." *US Ecology, Inc. v. U.S. Dep't of Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000).

"Redressability examines whether the relief sought, assuming that the court chooses to grant it, w[ould] likely alleviate the particularized injury alleged by the plaintiff." *West v. Lynch*, 845 F.3d 1228, 1235 (D.C. Cir. 2017) (quoting *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663–64 (D.C. Cir. 1996)). It "requires that the court be able to afford relief *through the exercise of its power*, not through the persuasive or even awe-inspiring effect of the opinion explaining the exercise of its power." *Franklin v. Massachusetts*, 505 U.S. 788, 825 (1992) (emphasis in original). To demonstrate that their injuries are redressable, Plaintiffs must show in the first instance that the court is capable of granting the relief they seek. *See Newdow v. Roberts*, 603 F.3d 1002, 1010–11 (D.C. Cir. 2000) (plaintiffs could not establish redressability because "[i]t [was] impossible for th[e] court to grant [their requested] relief").

Here, as discussed in this Court's previous opinion, Plaintiffs have not established standing because a declaratory judgment from this Court would not redress their injuries. In its previous opinion, the Court explained that the declaratory relief Plaintiffs sought would be meaningless because "federal district courts lack the power to void or otherwise alter other federal courts' orders through a collateral attack." *McNeil*, 2018 WL 4623057, at *7. Plaintiffs offer no evidence on why the Court's prior decision was 'dead wrong" or how they were

7

prejudiced by it. In fact, Plaintiffs contend that they "don't have to further explain what specific prejudice they suffered when Mr. Contreras committed the actions they've identified." Pls.' Reply at 4, ECF No. 37. They generally assert that "[i]f Mr. Contreras is not 'dead wrong' by committing [the four previously mentioned errors], then no act by a judge ever has been," *id.*, but fail to clearly identify why the Court's decision on standing was incorrect. Judge Brown argues that Plaintiffs have failed to "demonstrate that the Court's central holding—that Plaintiffs lack Article III standing—was in clear error or caused them sufficient harm to constitute a manifest injustice." Def.'s Mem. Opp'n Pls.' Mot. Alter J. at 5, ECF No. 35. The Court agrees, and concludes that Plaintiffs have not met their burden of proving clear error or manifest injustice.

Plaintiffs similarly fail to show why the Court's decision denying their motion to strike rose to the level of clear error or manifest injustice. In its previous opinion, the Court found that the decision to procure Department of Justice representation falls within the discretion of the Attorney General, and that the Court would not interfere with the Attorney General's decision to represent Judge Brown. *McNeil*, 2018 WL 4623057, at *5 (citing *Al-Tamimi v. Adelson*, No. 16-cv-445, 2016 WL 10655512, at *1 (D.D.C. Dec. 15, 2016)). Plaintiffs claim that the Court mischaracterized their argument for why Judge Brown was not entitled to Department of Justice representation, and created manifest injustice by fabricating a rationale to "procur[e] free representation for his fellow attorneys." Pls.' Mot. Alter J. at 11. But Plaintiffs do not substantively address the Court's finding that discretion to procure Department of Justice representation falls within the discretion of the Attorney General, and thus that the Court would defer to that discretionary authority. The Court concludes that Plaintiffs' argument fails to meet the high standard required to constitute manifest injustice.

Plaintiffs' two other arguments relate to issues that are unrelated to the Court's dismissal of their case for lack of subject matter jurisdiction. But in any event, the Court's prior opinion was not in clear error and did not create manifest injustice. With respect to judicial immunity, Plaintiffs offer conflicting authority from outside the Circuit to support their argument. *Id.* at 9–10. And Plaintiffs provide no evidence or authority to support their renewed allegations that Judge Brown did not author the appellate orders dismissing their cases. *Id.* at 8–9. Plaintiffs' attempt to relitigate these matters do not identify a clear error or manifest injustice created by the Court's decision, particularly when neither issue was relevant to the Court's judgment dismissing their case for lack of subject matter jurisdiction. The Court thus declines to alter or amend its prior grant of dismissal because Plaintiffs have not identified any cognizable basis to alter the judgment under Rule 59(e).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Alter Judgment is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: February 28, 2019                                         RUDOLPH CONTRERAS
                                                                                    United States District Judge